East Stroudsburg Borough *v.* Harloe, Appellant.

Submitted May 26, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Edmund P. Turtzo,* for appellant.

*Charles Bensinger,* with him *Bensinger and Bensinger,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 29, 1960:

Edward M. Harloe, Assistant Police Chief of the Borough of East Stroudsburg, was dismissed by the Borough Council as a member of the Borough's police force on charges of "neglect or violation of official duties and conduct unbecoming an officer." He there-

upon demanded and received a hearing before the Civil Service Commission of the Borough which, after receiving testimony of witnesses, affirmed the dismissal. Harloe then appealed from the decision and order of the Civil Service Commission to the Court of Common Pleas of Monroe County. At a hearing, at which Harloe was present and represented by counsel, the court received in evidence the record in the proceedings to date (including a transcript of the testimony taken before the Civil Service Commission) and took additional testimony of a witness for Harloe and three police officers for the Borough. Thereafter, the court entered an order affirming the decision and order of the Civil Service Commission and dismissing Harloe's appeal. The court later supported its order with a thorough, painstaking and convincing opinion written pursuant to our Rule 43 after Harloe had taken this appeal.

The sole question involved, as stated by the appellant, is whether "the evidence adduced at the hearing before the Police Civil Service Commission, and as supplemented by hearing before the Court of Common Pleas of Monroe County [is] legally sufficient to warrant and sustain [the appellant's] dismissal."

Why anyone would think that an appellate court could possibly reject the finding that the appellant was guilty of the derelictions charged against him on a record such as the one before us is beyond our understanding. The record actually teems with evidence which fully supports the conclusion. In fact, the testimony of the appellant's misconduct is so overwhelming that the court could not possibly have concluded otherwise than it did. As Judge DAVIS pointedly summarized in concluding his opinion: "Despite the severity of the penalty of dismissal each branch of the local government that has responsibility for the welfare and in-

tegrity of the police force has approved the action. The Burgess recommended it, the Borough Council dismissed and the Civil Service Commission unanimously approved the dismissal. The evidence justified the action taken." That conclusion has our unqualified approval.

Order affirmed.